UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tracy Redmond,<br><br>                Petitioner,<br><br>v.<br><br>Denese Wilson, Warden,<br><br>                Respondent. | Case No. 15-cv-3032 (JNE/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on petitioner Tracy Redmond's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241. [Doc. No. 1.] The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Redmond's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of this action without prejudice for lack of jurisdiction.

Redmond and two accomplices robbed an armored car, "shot a guard three times at point-blank range (thankfully, he survived) and made off with $400,000 in cash."

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Redmond seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

*United States v. Watson*, 525 F.3d 583, 585 (7th Cir. 2008). After a 2006 jury trial in the United States District Court for the Northern District of Illinois, Redmond was found guilty of robbery under the Hobbs Act, *see* 18 U.S.C. §§ 1951, 1952; conspiracy to commit robbery; and use of a firearm during and in relation to the robbery, *see* 18 U.S.C. § 924(c). As a result, Redmond was sentenced to a 256-month term of imprisonment. The conviction and sentence were affirmed on appeal.

In 2009, Redmond filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois, alleging that his counsel was ineffective in failing to argue on appeal that the prosecution had failed to satisfy the jurisdictional element of the Hobbs Act. *See Redmond v. United States*, No. 1:09-cv-6002 (N.D. Ill. filed Sept. 25, 2009). The indictment under which Redmond was convicted offered two theories for jurisdiction:

> The indictment first mentioned a "depletion of assets" theory of federal jurisdiction—that by stealing from the armored truck company, which customarily purchases items in interstate commerce, the defendants "limit[ed] the victim-enterprise's potential as a purchaser of goods." *See United States v. Re*, 401 F.3d 828, 835 (7th Cir. 2005). But the indictment also stated an arguable second theory of satisfying the Hobbs Act's jurisdictional element: "The Bank's handling of coin and paper U.S. currency affected interstate commerce, and the coin and paper United States currency which Davis Bancorp delivered to the bank by armored car traveled in interstate commerce."

*Watson*, 525 F.3d at 590. The first of those theories was legally sufficient to establish jurisdiction; the second was not. *See id.* ("Here, the government's second 'theory' of jurisdiction—that the money the defendants stole traveled in interstate commerce—is

indeed legally insufficient, for if cash could serve as the jurisdictional hook, any robbery would be a federal crime under the Hobbs Act."). Redmond argued in his § 2255 motion that the jury may have credited the invalid theory of jurisdiction in reaching a guilty verdict; that his counsel should have offered this argument to the Seventh Circuit; and therefore that his conviction should be vacated as a result of his counsel's ineffective assistance.

The trial court denied Redmond's motion for relief under § 2255. Although Redmond's counsel had not offered this argument on appeal, his accomplice (and brother) did offer this argument, and it was rejected:

> [I]t is exceedingly unlikely that the jury convicted under this 'theory' of jurisdiction, because it was just a one-off line in the indictment that the government never even mentioned. We do not mean to excuse the government's sloppy drafting; it could have averted this appellate argument with a more carefully worded indictment. But the government's evidence at trial and its closing argument focused exclusively on the legally sound depletion of assets theory. The chances that in establishing federal jurisdiction the jury relied on a line in the indictment that was never mentioned at trial, instead of the proper theory that was advanced and well supported with evidence, are minuscule.

*Watson*, 525 F.3d at 590 (citations omitted). The trial court concluded that Redmond could not have been prejudiced by his counsel's failure to raise an argument that had already failed on appeal and therefore denied Redmond's § 2255 motion. The Seventh Circuit declined review.

Redmond now renews this twice-rejected argument in his habeas petition. This Court, however, lacks jurisdiction to consider the merits of Redmond's petition. "A

3

federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

Clearly, Redmond is attacking the validity of his conviction in his habeas petition. In almost all instances, a federal prisoner may do so *only* through a motion under § 2255 in the district of conviction. The only exception to this rule is where § 2255 is for some reason inadequate or ineffective to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). Redmond offers no reason why § 2255 was an inadequate procedural vehicle to offer his arguments. Indeed, Redmond in fact *raised* his claim in a motion

4

under § 2255, and that claim was considered (and rejected) on the merits. Far from being "inadequate" or "ineffective," § 2255 served its task in Redmond's case.[2]

Because the challenge raised by Redmond may only be raised in a motion under § 2255, this Court lacks jurisdiction to consider the merits of that challenge. *See DeSimone*, 805 F.2d at 323-24. In some circumstances where a prisoner collaterally challenges the validity of a conviction in the incorrect venue, a court may transfer the matter to the proper district for consideration on the merits. But this Court recommends that this action be dismissed, not transferred. Redmond's argument has already been rejected on the merits in the Northern District of Illinois, where this matter would otherwise be transferred. Moreover, because Redmond has already filed one motion under § 2255, he may file another only if it is certified by the Seventh Circuit to contain newly discovered evidence establishing his innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255(h). Redmond's habeas petition contains neither newly discovered evidence nor a new rule of constitutional law, and so this Court can confidently predict that the Seventh Circuit would not authorize a second § 2255 motion based on the claim raised in Redmond's habeas petition. Thus, rather than transfer the petition, this Court recommends that this action be dismissed without prejudice for lack of jurisdiction.

---

[2] It seems that Redmond's true complaint is not that § 2255 was inadequate or ineffective, but that the court deciding his § 2255 motion should have granted relief. But "the fact that a claim was previously raised in a § 2255 motion and rejected by the sentencing court does not provide the necessary showing that § 2255 was inadequate or ineffective." *Lopez-Lopez v. Sanders*, 256 F. App'x 15, 16 (8th Cir. 2007) (per curiam).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

Dated: July 22, 2015
*s/ Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.